998 F.2d 1010
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert BROWN, Defendant-Appellant.
 No. 92-5853.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 21, 1993.
Decided: July 14, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., District Judge. (CR-92-124)
 John D. (Jay) Elliott, Columbia, South Carolina, for Appellant.
 John S. Simmons, United States Attorney, Eric Wm. Ruschky, Assistant United States Attorney, Columbia, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS, WILKINSON, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Robert Brown appeals from his jury convictions of three counts of making materially false statements to a federally insured lending institution in violation of 18 U.S.C.A. § 1014 (West Supp. 1993). The court sentenced Brown to three concurrent terms of thirty-eight months in prison, restitution, and five years of supervised release. Because we find that the court did not err in admitting certain testimony under Fed. R. Evid. 404(b), we affirm his convictions and sentences.
 
 
 2
 Brown asserts that the district court erred in admitting testimony about a collateral, unrelated matter from his closing attorney ("Campbell"), that he did not sign a letter that purported to verify that Brown had $35,000 in escrow in anticipation of closing on a home mortgage. Brown states in his brief that he does not object to admission of the letter itself "but to the suggestion that he somehow forged the signature of an attorney to obtain financing." The parties agree that there was no evidence that Brown forged the signature on the letter and that others involved in the transaction had both the motive and the means to do so. In admitting the evidence, the court held that the evidence "would go to show some type of plan or scheme or preparation to misstate things to the bank."
 
 
 3
 We agree that there is a weak connection between the collateral evidence and the three counts Brown faced. However, even if we were to find error, Brown is not entitled to a new trial. The district court offered to produce a witness and give a cautionary instruction for the defense, which was refused. These corrective measures mitigate the harm suffered. See United States v. Masters, 622 F.2d 83, 87 (4th Cir. 1980). Moreover, the evidence against Brown was overwhelming and clearly showed that he misrepresented his social security number, his length of employment, and his income to get loans. Thus, the error is harmless. Fed. R. Crim. P. 52(a).
 
 
 4
 Therefore, we affirm Brown's convictions and sentences. We dispense with oral argument since the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED